## Mullins v. Patrick.

(Decided April 30, 1929.)

W. A. STANFILL for appellant.

MOORE & SMITH for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

This appeal presents a question of fact on the merits, and the further question of the correctness of the action of the lower court in overruling exceptions to the depositions of appellee. The appellant, claiming that he had sold a bill of lumber to the appellee, filed a materialman's lien against a garage which had been erected out of the lumber. The appellee defended on the ground that he did not buy the lumber from appellant. Appellant testified that appellee came to his sawmill and there purchased from him the bill of lumber which was afterwards delivered. He was supported by witnesses introduced in his behalf. Appellee testified that he purchased the lumber from one Stacey, who was an employee of the appellant, and that he paid Stacey for the lumber. He was supported by a number of witnesses introduced by him. Stacey testified that he sold the lumber to the appellee with the consent of appellant, and that he was paid for it. Stacey had been working for appellant, and he claimed that appellant was owing him a large sum of money which he could not pay, and that he agreed that Stacey might sell the lumber and collect the proceeds which should be applied to the payment of his debt. Stacey was largely indebted to the appellee. The preponderance of the evidence shows that appellee purchased lumber from Stacey, and that Stacey had the authority given to him by appellant to sell and collect for the lumber. He had sold and collected for other small bills in the same way. Appellant testified that he gave no such authority to Stacey, and that he was not indebted to Stacey.

It is contended by counsel for appellant that appellee and his witnesses entered into a conspirary to cheat and defraud appellant out of the proceeds of this lumber. It requires evidence to establish such a conspiracy, and we cannot hold that there is any evidence establishing

such a conspiracy. The judgment of the chancellor is entitled to some weight, and on the merits of the case we are not at liberty, under the facts disclosed, to disturb his judgment.

The appellee took all of his depositions before he filed his answer, and this was the ground of exceptions to the depositions. Section 557, Civil Code, allows the plaintiff in an action to commence taking depositions immediately after the service of the summons, and the defendant immediately after filing his answer. In the case of Weisiger v. Mills, 91 S. W. 689, 28 Ky. Law Rep. 1208, it was held that the purpose of the section of the Code mentioned was to require the plaintiff to be apprised of the defense and thereby enable the defendant to intelligently conduct the cross-examination of witnesses. The answer of appellee was a denial that he was indebted to appellant in any sum, or that the lumber was furnished to him by contract with the appellant, or that appellant had a lien on the property described in the petition to secure the payment of the amount claimed. He interposed no affirmative defense. The petition was filed on February 7, 1927. On the 18th day of February following, the deposition of appellant was taken. The deposition of the appellee was taken on cross-examination on the same day, but he was not asked about his defense by counsel for appellant. But, on the same day (that is, on the 18th of February, 1927), the deposition of Robert Patrick was taken by agreement of parties to be read as evidence in his behalf on the trial of this case. In this deposition, he went fully into his defense, and the appellant was apprised of its nature even more fully than he was by the answer which was filed later. It is admitted that the deposition was taken by agreement, but it is urged that the agreement meant no more than a waiver of notice. But we cannot so construe it. It was agreed that the deposition should be taken at that time and place. It would be highly technical to hold that the court erred in overruling the exceptions to the depositions. Appellant was not prejudiced in any way by the ruling of the court.

Judgment affirmed.